**Affirmed and Memorandum Opinion filed January 27, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00731-CV

---

### SABRINA TAYLOR, Appellant

### V.

### THE HARTFORD INSURANCE COMPANY OF THE MIDWEST, Appellee

---

**On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2011-57408**

---

## M E M O R A N D U M   O P I N I O N

This case concerns a judicial review of a workers' compensation appeals panel decision. The claimant, Sabrina Taylor, appeals from the trial court's grant of summary judgment favoring the carrier, The Hartford Insurance Company of the Midwest. Taylor contends that the trial court improperly sustained a contest to her affidavit of indigence and considered inadmissible evidence in granting the summary judgment. She further asserts the trial court improperly failed to reach

the merits concerning her impairment rating. We affirm.

## *Background*

The Texas Labor Code provides a three-step process for the administrative resolution of disputes within the Texas Workers' Compensation Commission. *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 514-15 (Tex. 1995) (discussing Chapter 410 of the Texas Labor Code, "Adjudication of Disputes"). When a dispute arises, an informal benefit review conference is held. *Id.*; *see also* Tex. Lab. Code §§ 410.021-.034. If that does not resolve the dispute by agreement among the parties, a contested case hearing is held before a hearing officer involving formal evidentiary and discovery rules. *Garcia*, 893 S.W.2d at 515; *see also* Tex. Lab. Code §§ 410.151-.169.[1] The hearing officer's written decision is considered final unless it is appealed to an internal appeals panel. *Garcia*, 893 S.W.2d at 515; *see also* Tex. Lab. Code §§ 410.201-.209. After exhaustion of these administrative remedies, judicial review of the Commission's final decision may be sought. Tex. Lab. Code § 410.251; *Garcia*, 893 S.W.2d at 515. In a trial based on judicial review of issues regarding compensation or eligibility for or the amount of income or death benefits, the issues are limited to those decided by the appeals panel and on which judicial review is sought. Tex. Lab. Code §§ 410.301-.302. The party seeking such review must specifically set forth in its pleadings "the determinations of the appeals panel by which the party is aggrieved." *Id.* § 410.302. The party seeking judicial review bears the burden of proof by a preponderance of the evidence. *Id.* § 410.303.

Taylor was injured on the job on December 16, 2005. Her resulting

---

[1] Parties may agree to arbitrate their dispute rather than proceeding with the contested case hearing. Tex. Lab. Code § 410.104(a); *see also id*. §§410.102-.121 (provisions governing arbitration of workers' compensation disputes).

workers' compensation claim was the subject of a benefit review conference on August 27, 2010, but when issues remained unresolved, a contested case hearing was held on October 14, 2010. According to the hearing officer's Decision and Order, the disputed issues raised and addressed in that proceeding were:

> 1. Does the compensable injury sustained on 12-16-05 include an injury to the lumbar and cervical disc bulges, depression, and head trauma (occipital lobe)?
>
> 2. What is the date of maximum medical improvement (MMI)?
>
> 3. What is the Claimant's impairment rating (IR)?

The hearing officer determined that Taylor's compensable injury of that date included depression but did not include lumbar or cervical disk bulges or head trauma. The hearing officer further found that Taylor reached maximum medical improvement on December 24, 2007 and that her impairment rating is 9%. The appeals panel did not disturb the hearing officer's determinations.[2]

In her original petition in the district court, Taylor specifically complained regarding the denial of coverage for injuries to certain body parts, including disk bulges and head trauma as well as the sciatic nerve. She requested Hartford be held medically and financially responsible for "all aspects of care involving injuries to the claimant's Cervical and Lumbar Disk Bulges, [Sciatic Nerve,] and Head Trauma." Hartford filed a no-evidence motion for summary judgment, which the trial court initially denied. Hartford subsequently filed a motion to reconsider, and the trial court granted summary judgment favoring Hartford.

### *Discussion*

In her first issue, Taylor asserts that the trial court erred in sustaining a

---

[2] The appeals panel did not issue a written decision regarding Taylor's timely appeal in a timely manner. Because of its failure to do so, pursuant to Texas Labor Code section 410.204(c), the hearing officer's decision became the final decision of the appeals panel.

contest to her affidavit of indigence. Although Taylor suggests that Hartford filed the contest, it was actually filed by the Harris County District Clerk. Regardless, on November 7, 2013, we ordered the clerk and the district court reporters to prepare and file the appellate record in this case without Taylor having to make advance payment of costs because the record of the indigence hearing was not timely filed pursuant to Texas Rule of Appellate Procedure 20.1j(4). *See Taylor v. The Hartford Ins. Co. of the Midwest*, No. 14-13-00731 (Tex. App.—Houston [14th Dist.] Nov. 7, 2013, order). Thus, Taylor already has received the relief she seeks under her first issue. We therefore overrule this issue as moot.

In her second issue, Taylor contends the trial court considered inadmissible evidence in granting summary judgment. Specifically, she insists that the trial court should have stricken the deposition of Dr. Naveendra Korivi as it constituted new evidence presented in the trial court which had not been before the workers' compensation hearings officer or appeals panel. No such deposition appears in the appellate record as being attached to Hartford's motion for summary judgment or its motion for reconsideration. Regardless, the motion for summary judgment explicitly sought only a no-evidence summary judgment on grounds that Taylor could produce no-evidence to support one or more elements of her cause of action. *See* Tex. R. Civ. P. 166a(i) (governing no-evidence motions for summary judgment); *see also Poplin v. Amerisure Ins. Co.*, No. 01-13-00102-CV, 2013 WL 5885101 (Tex. App.—Houston [1st Dist.] Oct. 31, 2013, pet. denied) (mem. op.) (affirming no-evidence summary judgment in judicial review of workers' compensation appeals panel).

Once a party moving for no-evidence summary judgment asserts that there is no evidence of one or more essential elements of a claim or defense on which the non-movant would have the burden of proof at trial, the burden then shifts to the

4

non-movant to produce evidence raising a fact question on the challenged elements. Tex. R. Civ. P. 166a(i); *Rogers v. Tex. Sterling Const., L.P.*, No. 14-05-01061-CV, 2007 WL 925784, at *2 (Tex. App.—Houston [14th Dist.] March 29, 2007, no pet.) (mem. op.). Consequently, the merit of such a motion does not turn on any evidence submitted by the movant; indeed, "if a motion brought solely under subsection (i) attaches evidence, that evidence should not be considered unless it creates a fact question." *Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004). There is no indication in the record that the trial court improperly considered the evidence of which Taylor complains. Accordingly, we overrule her second issue.

In her third issue, Taylor asserts that the trial court erred in failing to adopt one of two possible impairment ratings: the one found by the hearing officer and left undisturbed by the appeals panel or the one that Taylor proffered through her physician-expert, citing Labor Code section 410.306. As Hartford points out, however, judicial review under these circumstances is limited to those issues decided by the appeals panel and on which judicial review is sought by the party seeking such review. *See* Tex. Lab. Code §§ 410.301-.302. In fact, the party seeking review must specifically set forth in its pleadings "the determinations of the appeals panel by which the party is aggrieved." *Id.* § 410.302. As described above, Taylor's pleadings in this case sought review only regarding the denial of coverage for injuries to certain body parts, including disk bulges and head trauma as well as the sciatic nerve. She requested Hartford be held medically and financially responsible for "all aspects of care involving injuries to the claimant's Cervical and Lumbar Disk Bulges, [Sciatic Nerve,] and Head Trauma." Taylor's pleadings do not challenge the determination as to her impairment rating.[3] She

---

[3] The only possible mention of an impairment rating in Taylor's petition is ". . . Hartford .

therefore has no basis to complain on appeal regarding the trial court's failure to make a ruling in regards to her impairment rating. *See id.* § 410.302; *Tex. Mut. Ins. Co. v. Ochoa*, No. 04-09-00401-CV, 2010 WL 2844464, at *4 (Tex. App.— San Antonio July 21, 2010, no pet.) (mem. op.). We overrule her third issue.

Having overruled each of Taylor's issues on appeal, we affirm the trial court's judgment.

/s/　　Martha Hill Jamison
　　　 Justice

Panel consists of Justices Boyce, Jamison, and Donovan.

---

. . has covered the costs associated with [the injury] Plaintiff sustained on December 16, 2005 with a Maximum Medical Improvement Rate of 9% as of December 24, 2007 . . . ." Even the most liberal construction of Taylor's pleadings cannot stretch this phrase into a challenge of her impairment rating.